```
 1  ALEJANDRO N. MAYORKAS
    United States Attorney
 2  GEORGE S. CARDONA
    Assistant United States Attorney
 3  Chief, Criminal Division
    ANDREW BROWN (No. 172009)
 4  Major Crimes Section
    Assistant United States Attorney
 5      1200 United States Courthouse
        312 North Spring Street
 6      Los Angeles, California 90012
        Telephone:  (213) 894-0102
 7
    Attorneys for Plaintiff
 8  UNITED STATES OF AMERICA
```



FILED MAY 5 3 46 PM '99

9                       UNITED STATES DISTRICT COURT

10                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | UNITED STATES OF AMERICA, ) | No. CR 99-123-AHM |
| 12 | Plaintiff, ) | PLEA AGREEMENT FOR DEFENDANT BRUCE BELL |
| 13 | v. ) | |
| 14 | BRUCE EDWARD BELL and MONTEZ DAY, ) | |
| 15 | Defendants. ) | |

17
18   1.   This constitutes the plea agreement between Bruce Bell
19  ("defendant") and the United States Attorney's Office for the
20  Central District of California ("the U.S. Attorney's Office") in the
21  above-captioned case.  The terms of the agreement are as follows:
22
23                                  PLEA
24   2.   Defendant agrees to plead guilty to counts two and three
25  of the indictment in United States v. Bruce Bell, et al., No. CR 99-
26  123-AHM.  Count two charges defendant with Armed Bank Robbery, in
27  violation of Title 18, United States Code, Section 2113(a)(d).
28  Count three charges defendant with Using and Carrying a Firearm

ENTERED ON ICMS
MAY - 7 1999

During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c).

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of violating Title 18, United States Code, Section 2113(a)(d), the following must be true: (1) defendant took from a teller money belonging to a bank; (2) defendant used force and violence, or intimidation in doing so; (3) the deposits of the bank were then insured by the Federal Deposit Insurance Corporation; and (4) defendant intentionally made a show of force that caused the teller to fear bodily harm by using a dangerous weapon.

In order for defendant to be guilty of violating Title 18, United States Code, Section 924(c), the following must be true: (1) defendant committed the crime of violence charged in the indictment, bank robbery in this case; (2) defendant knowingly used or carried a firearm; (3) defendant used or carried the firearm during and in relation to the crime of violence. Because defendant is subject to the enhanced seven-year mandatory minimum sentence, defendant must also have brandished the firearm.

Defendant admits that defendant is, in fact, guilty of these offenses as described in the indictment.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2113(a)(d) is: twenty-five years imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss

2

resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

The statutory maximum sentence that the Court can impose for the violation of Title 18, United States Code, Section 924(c) to which defendant is pleading guilty is: life imprisonment; a five-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a five-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and mandatory special assessments of $200. Defendant agrees to pay the special assessments at or before the time of sentencing.

The statutory mandatory minimum sentence that the Court must impose for this violation of Title 18, United States Code, Section 924(c), is a seven-year term of imprisonment, which must run consecutive to any other sentence of imprisonment.

5. Defendant understands that if defendant is presently on supervised release, probation, or parole in another case, the convictions in this case may result in revocation of such supervised release, probation, or parole.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

1  of the term of supervised release, which could result in defendant
2  serving a total term of imprisonment greater than the statutory
3  maximum stated above.
4
5                           FACTUAL BASIS
6       7.   Defendant and the U.S. Attorney's Office agree and
7  stipulate to the following statement of facts:
8            Defendant entered the Home Savings of America in San
9       Fernando, California on January 26, 1999, brandishing a loaded
10      .38 caliber revolver.  Defendant and his accomplice Montez Day
11      then forced assistant manager Elizabeth Aguillon to open the
12      bank vault, and took approximately $85,600 in cash belonging to
13      Home Savings of America, which was then insured by the Federal
14      Deposit Insurance Corporation.
15
16                        SENTENCING FACTORS
17      8.   Defendant understands that the Court is required to
18 consider any applicable sentencing guidelines but may depart from
19 those guidelines under some circumstances.
20      9.   Defendant and the U.S. Attorney's Office have no agreement
21 as to the appropriate sentence or the applicable sentencing
22 guideline factors.  Both parties reserve the right to seek any
23 sentence within the statutory maximum, and to argue for any criminal
24 history category and score, offense level, specific offense
25 characteristics, adjustments and departures, except as limited by
26 paragraph 11.
27      10.  Defendant understands that neither the United States
28 Probation Office nor the Court is bound by any stipulation in this

                                    4

1 agreement, and that the Court, with the aid of the presentence
2 report, will determine the facts and calculations relevant to
3 sentencing. Both defendant and the U.S. Attorney's Office are free
4 to supplement the facts stipulated to in this agreement by supplying
5 relevant information to the United States Probation Office and the
6 Court, and to correct any and all factual misstatements relating to
7 the calculation of the sentence. Defendant understands that if the
8 Court finds facts or reaches conclusions different from those in any
9 stipulation contained in this agreement, defendant cannot, for that
10 reason alone, withdraw defendant's guilty pleas.
11
12              CONSIDERATION BY THE U.S. ATTORNEY'S OFFICE
13     11.  In exchange for defendant's guilty plea and the complete
14 fulfillment of all defendant's obligations under this agreement, the
15 U.S. Attorney's Office agrees to the following:
16          a.   To move to dismiss count one as against defendant at
17 the time of sentencing.
18          b.   To recommend a two-level reduction in the applicable
19 sentencing guideline offense level, pursuant to United States
20 Sentencing Guideline §3E1.1, provided that defendant demonstrates an
21 acceptance of responsibility for the offenses up to and including
22 the time of sentencing.
23          c.   To recommend an additional one-level reduction in the
24 applicable sentencing guideline offense level for acceptance of
25 responsibility pursuant to United States Sentencing Guideline
26 §3E1.1(b)(2), provided that (1) defendant's adjusted offense level
27 is determined by the court to be level 16 or greater, and (2)
28

1  defendant demonstrates an acceptance of responsibility for the
2  offenses up to and including the time of sentencing.
3
4                    WAIVER OF CONSTITUTIONAL RIGHTS
5       12.  By pleading guilty, defendant gives up the right to
6  persist in a plea of not guilty and the right to a speedy and public
7  trial by jury.  As a result of defendant's guilty plea, there will
8  be no trial.  At any trial, whether by jury or by the Court,
9  defendant would have had the following rights, which defendant now
10 gives up:
11           a.  The right to the assistance of counsel, including, if
12 defendant could not afford an attorney, the right to have the Court
13 appoint one to represent defendant.
14           b.  The right to be presumed innocent and to have the
15 burden of proof placed on the government to prove defendant guilty
16 beyond a reasonable doubt.
17           c.  The right to confront and cross-examine witnesses
18 against defendant.
19           d.  The right, if defendant wished, to testify on
20 defendant's own behalf and present evidence in opposition to the
21 charges, including the right to call witnesses and to subpoena those
22 witnesses to testify.
23           e.  The right not to be compelled to testify, and, if
24 defendant chose not to testify or present evidence, to have that
25 choice not be used against defendant.
26      By pleading guilty, defendant also gives up any and all rights
27 to pursue any affirmative defenses, Fourth Amendment or Fifth
28

                                    6

Amendment claims, and other pretrial motions that have been filed or could be filed.

## PARTIES TO AGREEMENT

13. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that even if the Court ignores such a recommendation and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

14. This agreement is limited to the U.S. Attorney's Office and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement applies only to crimes committed by defendant. This agreement does not apply to any forfeiture proceedings, and shall not preclude any past, present, or future forfeiture actions.

## NO ADDITIONAL AGREEMENTS

15. Except as set forth herein, there are no promises, understandings or agreements between the government and defendant or defendant's counsel. Nor may any additional agreement,

1  understanding or condition be entered into unless in a writing
2  signed by all parties or on the record in court.
3      If a fully executed copy of this agreement is not returned to
4  the U.S. Attorney's Office by 5:00 p.m. May 3, 1999, this agreement
5  will be automatically withdrawn and thereafter of no legal effect or
6  force.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
9  FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
   ALEJANDRO N. MAYORKAS
11 United States Attorney

12 *[signature]*

13 ANDREW BROWN
   Assistant United States Attorney
14

15     I have read this agreement and carefully discussed every part
16 of it with my attorney. I understand the terms of this agreement,
17 and I voluntarily agree to those terms. My attorney has advised me
18 of my rights, of possible defenses, of the Sentencing Guideline
19 provisions, and of the consequences of entering into this agreement.
20 No promises or inducements have been made to me other than those
21 contained in this agreement. No one has threatened or forced me in
22 any way to enter into this agreement. Finally, I am satisfied with
23 the representation of my attorney in this matter.

24
25 *[signature: Bruce Bell]*   5-3-99
   BRUCE BELL                  Date
26 Defendant

27
28

I am Bruce Bell's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____      5-3-99
BRIAN NEWMAN                   Date
Counsel for Defendant
Bruce Bell

## CERTIFICATE OF SERVICE BY MAIL

I, _____REGINA AUTREY_____, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on _____May 5, 1999_____, I deposited in the United States mails in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of: **PLEA AGREEMENT FOR DEFENDANT BRUCE BELL**

addressed to:  Brian A. Newman, Esq.
300 Corporate Pointe
Suite 330
Culver City, California 90230

at ___His___ last known address, at which place there is a delivery service by United States Mail.

This Certificate is executed on _____May 5, 1999_____ at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
REGINA AUTREY