

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA



**WESTERN DIVISION**
312 N. SPRING ST., RM. G-8
LOS ANGELES, CA 90012
(213) 894-3535
FAX (213) 894-6860

**SOUTHERN DIVISION**
Ronald Reagan Federal Bldg. and
United States Courthouse
411 W. Fourth St., Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
4100 Main Street, Rm. 137-A
Riverside, CA 92501
(909) 276-6170

**SHERRI R. CARTER**
**CLERK OF COURT**

Montez Day #12291-076
United States Penitentiary, Lompoc
3901 Klein Boulevard
Lompoc, CA 93436

Dear Sir/Madam:

A ☐ Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil

case number CV-_____

X Motion pursuant to Title 28, United ~~States Code~~, Section 2255, was filed today in

• Criminal Case Number CR ___99-123-AHM___ and also assigned
Civil Case Number CV ~~00-11896-AHM~~

Please refer to these case numbers in all future communications.

Please address all correspondence to the attention of the Courtroom Deputy Clerk for:

X District Court Judge ___A. Howard Matz___

☐ Magistrate Judge _____

At the following address:

**X U.S. District Court**
**Clerk's Office/Civil Section**
**312 N. Spring St.,**
**Room G-8**
**Los Angeles, Ca. 90012**

**☐ Ronald Reagan Federal Bldg. and**
**U.S. Courthouse**
**411 W. Fourth St.**
**Suite 1053**
**Santa Ana, Ca. 92701**

**☐ U.S. District Court**
**P.O. Box 13000**
**Riverside, Ca, 92502-3000**

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

CLERK, U. S. DISTRICT COURT

By:___Cecelia Ciszowski___
Deputy Clerk

CV-17 (3/00)          LETTER re FILING H/C PETITION or 28/2255 MOTION

Montez Day Register # 12291-076

**NAME**

United States Penitentiary,   Lompoc

3901 Klein Boulevard

Lompoc,   California   93436

(ADDRESS or PLACE OF CONFINEMENT and
PRISON NUMBER)
NOTE: *If represented by an attorney, his name,
address and telephone number*



CLERK, U.S. DISTRICT COURT

NOV - 7

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

# 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| v. | CV 0 0 - 1 1 8 9 6 -AHM |
| MONTEZ   DAY | (To be supplied by the Clerk of the U.S. District Court) |
| Full name of movant (include name under which you were convicted) | MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |
| | 28 U.S.C. §2255 |

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## INSTRUCTIONS AND INFORMATION — READ CAREFULLY

This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question use reverse side of sheet.

Additional pages are not permitted. No citation or authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

MOTION UNDER 28 U.S.C. §2255

Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

When the motion is fully completed, the *original and two copies* must be mailed to the Clerk of the United States District Court whose address is: 312 N. Spring St., Los Angeles, Ca 90012

ATTN: Intake/Docket Section

Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack <u>Central District of California</u>

2. Date of judgment of conviction <u>5/14/99</u>

3. Length of sentence <u>288 Months</u>          Sentencing Judge <u>A. Howard Matz</u>

4. Nature of offense or offenses for which you were convicted <u>18 U.S.C.§371: Conspiracy to commit Bank Robbery; 18 U.S.C. § 2113 (a): Armed Bank Robbery; 18 U.S.C. § 924 (c) : use of Firearm during Crime of Violence</u>

5. What was your plea? (Check one)

    (a)  Not guilty ( )
    (b)  Guilty ( X )
    (c)  Nolo Contendere ( )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details _____

6. Kind of trial: (Check one)

    (a)  Jury ( )
    (b)  Judge only ( )

7. Did you testify at the trial?   Yes ( )  No ( X )

8. Did you appeal from the judgment of conviction?   Yes ( )  No ( X )

-2-

9. If you did appeal, answer the following:

   (a) Name of Court _____

   (b) Result _____

   (c) Date of Result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes (  )   No (X)

11. If your answer to 10 was "yes", give the following information:

   (a) (1) Name of Court _____

       (2) Nature of proceeding _____

       (3) Grounds raised _____

_____

_____

_____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
          Yes (  )   No (  )

       (5) Result_____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of Court _____

       (2) Nature of proceeding _____

       (3) Grounds raised _____

_____

_____

_____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
          Yes (  )   No (  )

       (5) Result_____

       (6) Date of result _____

   (c) As to any third petition, application or motion, give the same information:

       (1) Name of Court _____

       (2) Nature of proceeding _____

       (3) Grounds raised _____

_____

_____

_____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
          Yes (  )   No (  )

       (5) Result_____

       (6) Date of result _____

Civ. - 67 (01/83)            MOTION UNDER 28 U.S.C. §2255

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1)  First petition, etc.                                 Yes ( )  No ( )
    (2)  Second petition, etc.                             Yes ( )  No ( )
    (3)  Third petition, etc.                               Yes ( )  No ( )

(e) If you *did not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully.

    CAUTION:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

    (a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b)  Conviction obtained by use of coerced confession.

    (c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (e)  Conviction obtained by a violation of the privilege against self-incrimination.

    (f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (g)  Conviction obtained by a violation of the protection against double jeopardy.

    (h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (i)  Denial of effective assistance of counsel.

    (j)  Denial of right of appeal.

-4-

                    MOTION UNDER 28 U.S.C. §2255

A. Ground one:_____ SEE ATTACHED _____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

_____
_____
_____
_____
_____
_____

B. Ground two: _____ SEE ATTACHED _____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

_____
_____
_____
_____
_____
_____

C. Ground three: ____ SEE ATTACHED _____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

_____
_____
_____
_____
_____
_____

D. Ground four:_____

Supporting FACTS (tell your story *briefly* without citing cases or law):_____

_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
_____
_____
_____

-5-

Civ. - 67 (01/83)                    MOTION UNDER 28 U.S.C. §2255

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ( )  No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
    judgment attacked herein:

    (a) At preliminary hearing _____

    (b) At arraignment and plea <u>Michael Mayock, 35 South Raymond Avenue, Suite 400,</u>
        <u>Pasadena, California 91105-1931</u>

    (c) At trial <u>SAME AS ABOVE</u>

    (d) At sentencing <u>SAME AS ABOVE</u>

    (e) On appeal _____

    (f) In any post-conviction proceeding _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same
    court at approximately the same time?  Yes (X)  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under
    attack?  Yes ( )  No (X)

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed sen-
        tence to be served in the future?  Yes ( )  No ( )

WHEREFORE, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

    I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.
Executed on____ <u>10-23-2000</u>
                (Date)

_____
Signature of Movant

-6-

MOTION UNDER 28 U.S.C. §2255

|                              |
|------------------------------|
| (Petitioner)                 |

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

|                              |
|------------------------------|
| (Respondent[s])              |

I, <u>MONTEZ DAY</u>, declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?          Yes <u>X</u>          No_____

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

      <u>$57.00 Monthly, U.S.P. Lompoc, 3901 Klein Blvd., Lompoc, Ca. 93436</u>

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.

      _____

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?   Yes____   No <u>X</u>
   b. Rent payments, interest or dividends?   Yes____   No <u>X</u>
   c. Pensions, annuities or life insurance payments?   Yes____   No <u>X</u>
   d. Gifts or inheritances?   Yes____   No <u>X</u>
   e. Any other sources?   Yes____   No <u>X</u>

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months.

   _____

3. Do you own any cash, or do you have money in a checking or savings account?   Yes <u>X</u>   No____   (Include any funds in prison accounts)

   If the answer is yes, state the total value of the items owned.

   <u>$12.00</u>

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   Yes____   No <u>X</u>

   If the answer is yes, describe the property and state its approximate value. _____

-7-

5.   List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. Tiyona M. McCladdie (daughter)

Haalin F. Taalib-Din (daughter)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on ___ /0-23-2000
                                   (Date)

*Monten Way*
Signature of Movant

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said _____
institution: ...

_____

_____

_____

_____
Authorized Officer of Institution

_____
Title of Officer

-8-

## 28 U.S. CODE, SEC. 2255

§2255.   Federal Custody: remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. As amended May 24, 1949, c. 139, § 114, 63 Stat. 105.

Civ. - 67 (01/83)                          MOTION UNDER 28 U.S.C. §2255

## DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL,

## CONVICTION OBTAINED BY PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED

## NOT UNDERSTANDING OF THE CONSEQUENCES OF THE PLEA.

Prior to plea, Defendant, MONTEZ DAY received a Pre-Plea Report from Attorney Michael Mayock, stating that the Defendant was facing a sentence of 60 months on Count 1, 300 months on Count 2 and 84 months to life on Count 3. This Pre-Plea Report was reviewed by Attorney Michael Mayock and Defendant, MONTEZ DAY.

When the Defendant questioned Attorney in regards to the Law and the Sentence recommended by the Pre-Plea Report, Defendant was told that he was facing what the Pre-Plea Report stated and that the Defendant could receive a Life sentence for Count 3.

When the Defendant, MONTEZ DAY talked to Attorney, Mayock about going to trial to prove his innocents as to Count 3, the Defendant was told that he would lose the trial and that the judge would more than likely give him more than 7 years, for Count 3, possibly Life, if he gets mad during trial.

When Defendant, MONTEZ DAY talked about going to trial, he was told that if he did he would lose.  Defendant continued to maintain his desire to go to trial on Count 3, at one time Attorney, Mayock told the Defendant that if he went to trial that he would lose the 3 points for acceptance of responsibility on count 2, and that he did not want to make the Judge mad.

The Defendant was shown a Plea-Aggreement, and was urged by the Attorney to sign.  When the Defendant refused to sign the Plea-Agree-ment he was told by his Attorney that he should take the deal so that he could get less time, and that the judge would probably give him (the defendant) only 7 years on count 3.

1

1   Defendant, MONTEZ DAY asked his Attorney how could he receive a

2   Life sentence on Count 3, and stated that he did not believe that the

3   law allowed such a sentence in his case, but was told by Attorney

4   that he could get a Life sentence for Count 3.

5   During the Defendants Plea-hearing the Defendant was asked by the

6   Court if he (the defendant) understood the charges and when MONTEZ

7   DAY, the defendant was asked if he understood Count 3, he initially

8   stated No, after the Prosecutor gave a Legal definition of Count 3 the

9   defendant stated yes, even though he was still confused.

10  At that hearing the Defendant, MONTEZ DAY was urged to Plead to

11  all Counts, despite the fact that he was only guilty of Count 2 and

12  possiblely Count 1, he did not want to Plead Guilty to Count 3 and

13  asked his Attorney for more time, but his Attorney, Michael Mayock

14  told him that he should Plead Guilty.

15  Criminal Procedure 18 §924(c)(1)(A)(ii) states if the firearm is

16  brandished, be sentenced to a term of imprisonment of not less than

17  7 years; and, Section (C) states "In the case of a second or subse-

18  quent conviction under this subsection, the person shall (i) be sen-

19  tence to a term of imprisonment of not less than 25 years; and (ii)

20  if the firearm involved is a machinegun or a destructive device, or

21  is equipped with a firearm  silencer or firearm muffler, be sentence

22  to imprisonment for Life

23  The Defendant, MONTEZ DAY was induced to Plead Guilty to a charge

24  that he is innocent of, from the time he reviewed the Pre Plea report

25  which was supplied by the Government and used by his Attorney, Michael

26  Mayock which stated that the defendant was facing a Life sentence.

27  Therefore defendants Attorney not only unlawfully induced the def

28  endant to plead Guilty when he was innocent, but used a flawed report.

2

1   **DEFENDANT'S   CRIMINAL   HISTORY   AND OFFENSE   LEVEL**

2   **ARE   OVERREPRESENTED**

3       Several circuits have held that a district  court may depart

4   downward from the career offender guidline. <u>United States v. Shoupe</u>,

5   35 F.3d 835 (3rd Cir. 1994)  (departure from career offender can be

6   in both  criminal history  and offense level); <u>United States   v.</u>

7   <u>Lawrence</u>, 916   F.2d 553 (9th Cir. 1990). The Ninth Circuit found it

8   was proper to depart downward for a career  offender based  on the

9   disproportionate treatment of drug offenders <u>United States   v. Reyes</u>,

10   8 F.3d 1379 (9th Cir. 1993)  and based on the nature of priors and

11   the age of the defendant, <u>United States   v. Brown</u>, 985   F.2d 478 (9th

12   Cir. 1993).

13       According to the Probation Report, Defendant MONTEZ DAY at age 18

14   was arrested for and covicted of possession of 16 grams of cocaine.

15   PSR.  $866 other charges against Mr. DAY  were reversed on appeal. This

16   amount consistent with personal use. During the trial there was very

17   little testimony or evidence against Mr. DAY, so little that the trial

18   Judge gave Mr. DAY a downward depart, stating is words and action

19   that MONTEZ DAY played a Minor if not a minimal role in the case.

20   this was his reasons for giving MONTEZ DAY two point departure for his

21   role, this statement by the court shows that his involement in such a

22   small amount of cocaine was Minor, This statement can be found in the

23   original  sentencing hearing.

24       Due to the youth  of defendant MONTEZ DAY and the Minor role in

25   the offense, coupled with the fact he served an additional 11 months

26   more the sentence actually imposed, he should be granted a downward

27   departure on the basis that his Criminal History is overrepresented.

28       <u>United States   v.   Brown</u>, 985 F.2d 478 (9th Cir. 1993)

3

held that the guidelines permit a court to depart downward even for
induvuduals designated as career offenders.   The United States
Sentencing Guidelines allow a sentencing court to depart downward if
the applicable criminal history category "significantly overrepresents
the seriousness of a defendant's criminal history." USSG § 4A1.3
(Policy Statement).   In <u>United States v. Sanchell-Rodriquell</u> , 161 F.3d
556 (9th Cir. 1998) (en banc) the Ninth Circuit authorized a departure
for a career offender along the base offense level axis where the
predicate prior was a very smal amount of drugs. That is the case here
also  the  fact that the defendant played a Minor role in the prior
offense should be taken in  considration based on the Application Notes
of § 4b1.1.Career Offender (2) "Section4B1.1 (Career Offender) express-
ly provides that the instant and prior offense must be crimes of viol-
ence or controlled substance offenses of which the defendant was con-
victed. Therefore, in <u>determining  whether an offense is a crime of
violence or controlled substance</u> **for the purpose of § 4B1.1(Career
Offender),**  the offense of conviction(i.e. the conduct of which the
defendant was convicted) is the focus of inquriy.

    Therefore the Defendant, MONTEZ request that the court, resentence
him, by either granting this request for a Downward departure, or by
determining that the predicate prior  dose not fit the purpose of
§ 4B1.1 Career Offender based on the Application notes.

4

**A   DOWNWARD DEPARTURE IS WARRANTED BECAUSE   OF**

**EXTRAORDINARY   ABUSE   SUFFERED   BY   DEFENDANT   AS   A   CHILD**

The United States Sentencing Guidelines permit a downward departure in the atypical case where a guideline or guidelines linguistically applies but the defendant's conduct falls outside the "heartland" of cases.  USCG Ch. 1, Pt. A, Section 4(b).  In this case, a number of factors separate MONTEZ DAY from the heartland of other cases and converge to establish an appropriate basis for a downward departure.  As the United States Supreme Court has now unequivocally affirmed, in the exceptional or unusual case, a sentencing court may depart downward.

The Court's decision in <u>Koon v. United States</u>, 518 U.S. 81, 116 S.Ct. 2035, 2045, 135 L.Ed.2d 392  (1966), establishes definitively that, where as here, atypical circumstances exist that are not sepcifically forbidden by the United States Sentencing Guide, a court has discretion to depart where a factor is present to an exceptional or unusual degree. At least two such factors exist in this case, neither of which is specifically forbidden by the Guidelines. The presence of these factors compel an "atypical" characterization of the circumstance of this case.

Section 3661 of Title 18 United States Code codifies the fundamental tenet, echoed in the Guidelines at Section 1B1.4 (Nov. 1995), that a sentencing court's ability to consider virtually <u>any</u> <u>appropriate information relative to a defendant's background,</u> <u>character or conduct</u> in determining whether to grant departure is virtually <u>limitless</u>. Section 3661 states in pertinent part:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the

5

**1**    United States may receive and consider for the purpose of
         imposing an appropriate sentence.

**2**

**3**    Similarly, the Supreme Court's decision in <u>Koon</u> instructs:

**4**         Whether a given factor is present to a degree not
              adequately considered by the Commission, or whether a
**5**         discouraged factor nonetheless justifies departure
              because it is present in some unusual or exceptional
**6**         way, are matters determined in large part by comparison
              with the facts of other Guidelines cases. <u>Id</u>. at 2039.

**7**

**8**    The United States Sentencing Guidelines (USSG) section 5H1.3 (Policy

**9**    statement) provides in relevant part:

**10**        Mental and emotional conditions are not ordinarily relevant
              in determining whether a sentence should be outside the
**11**        applicable guidelines range...

**12**   Discouraged factors are not ordinarily relevant but may be relied

**13**   upon as bases for departure in exceptional cases, such as where the

**14**   factor is present to an exceptional degree, or in a way that makes

**15**   the case different from an ordinary case where the factor is present.

**16**   While it is clear that the Commission at least consirdered family

**17**   circumstances, and that "ordinary" family circumstances are normally

**18**   discouraged factors for departure, the Ninth Circuit has recognized

**19**   that the presence of family circumstances to an unusual, special, or

**20**   extraordinary degree can serve to remove a case from the heartland.

**21**   United States v. Mondelo, 927 F.2d 1463, 13470 (9th Cir. 1991).

**22**   MONTEZ DAY is a young man who has from childhood faced exceptional

**23**   circumstances.  At age 6 his father murdered his mother with a knife

**24**   in his presence.  His father was convicted of murder and imprisoned.

**25**   He was diagnosed as a Chronic Schizophrenic.  According to his uncle,

**26**   Arthur Day, who has a Master's Degree in Psychology, MONTEZ DAY

**27**   never taled about losing his mother or the murder.  His aunt

**28**   Henrietta Day took MONTEZ to therapy for several years, after his

6

1   traumatic lost.  MONTEZ was an angry child who did not play or spend
2   a lot of time with other children.  His father, Jimmy Day,  came
3   back about 4 years later and took MONTEZ to live with him.  Jimmy
4   Day was upset that MONTEZ had been taken to therapy, even though he
5   him self was in therapy, and believed his thoughts and the voices he
6   was hearing could help him.  Jimmy Day moved into bad areas where
7   there was a lot of gang activity and switched MONTEZ from school to
8   school.  MONTEZ became very withdrawn and did not interact with
9   others.  Arthur Day believes MONTEZ needs more therapy than he
10  received and that MONTEZ became cold although he looks calm and
11  rastrained, since he is out of touch with his feelings.

12       Dr.  Michael P. Maloney, Ph.D. conducted a psychological
13  evaluation of the defendant, MONTEZ DAY. Subsequently Dr. Maloney
14  prepared a report and a later supplement to it which are appended
15  hereto. In the personal history section of the report Dr. Maloney
16  reviews the murder of MONTEZ DAY's mother by his father and the
17  aggravation of the effect of this by an uncle being killed in a
18  stabbing a couple of years after his mother's death. Dr. Maloney at
19  page 6 of his report states "there is also a strong suggestion that
20  he was the victim of on-going physical abuse during his early teens.
21  There is also a certain amount of instability in that he moved from
22  one family home to another."  After administering mental status
23  examinations, Dr. Maloney concludes "it would appear that he dose
24  not have these traits that are often associated with what is
25  sometimes referred to as a criminal personality".   Dr.  Maloney
26  Concludes "this man dose not present (sic) with any characteristics
27  of a significant mental disorder".   Then Dr. Maloney qualifies this
28  respones by saying "at the same time however, his quite atypical

                                    7

1    childhood experiences did contribute to his general problematic
2    behavior which started during his adolescence years. Not only was
3    this man exposed to severe and atypical circumstances (including
4    being present at or about the time of his mother's killing by his
5    father) but was also exposed to a primary parenting figure (father)
6    who had been incarcerated on more than one occasion. Mr. Day has
7    not ever had the opportunity of fully exploring the effect of these
8    early traumas on his psychological makeup. Whatever the disposition
9    in this case, it would seem quite important that he be provided an
10   opportunity to explore this. This may result in a decrease in
11   recidivistic criminal behavior."

12       The foregoing statement by Dr. Maloney encouraging counseling
13   for MONTEZ DAY because of his severe and atypical background actually
14   presents a case for a downward departure on the basis of post
15   traumatic stress syndrome. According to medical literature there is
16   a five-step process for competent psychiatric evaluation of an
17   individual. They are as follows:

18       1.    Accurate medical and social histroy;

19       2.    Historical data from the patient and independent sources;

20       3.    Thorough physical exemination;

21       4.    Appropriate diagnostic studies; and

22       5.    A mental sight evaluation (which alone is insufficient

23              for diagnosis).

24       Dr. Maloney's observations tend to indicate there is a problem
25   with Defendant MONTEZ DAY and this problem can be readily seen in
26   examining the four characteristics that mental health professionals
27   recognize as the building blocks of mental health. These are:
28   1) heredity, 2) early nurturance; 3) summation of traumatic

1   life experiences;  and 4) quality of an individual's support system.

2       Defendant MONTEZ DAY falls outside the scope of each of the

3   building blocks for mental health.  First, under the heredity prong,

4   his father is a know and diagnosed schizophrenic.  Second, he

5   experienced little early nurturance because his mother was murdered

6   by his father and he was raised by his father under circumstances

7   which caused him to receive little guidance of counseling.   Third,

8   MONTEZ DAY"s traumatic life experiences include the murder of his

9   mother by his father in his presence and the subsequent murder of a

10  close uncle also by stabbing.  Fourthly, the quality of MONTZ DAY'S

11  support system is non-existent.  He had no family or therapist on

12  whom he could rely to give him needed support or counseling to develop

13  adequate mental health.  Instead, what appears is a symptomology

14  consistent with an individual who is a victim of post traumatic

15  stress syndrome.

16      The court also has discretion to depart downward in cases of

17  post traumatic stress syndrome.  United States v. Cantu, 12 F.3d 1506,

18  1512 (9th Cir. 1993).  In United States v. Risse, 83 F.3d 212, (8th

19  Cir. 1996) it was determined that the court properly departed downward

20  for diminished capacity based on a defendant's post traumatic stress

21  order resulting from service from  the Vietnam War.  According to

22  Dr. Dennis Charney, A yale psychiatrist, "victims of a devastating

23  trauma may never be the same biologically.  It dose not matter if it

24  was the incessant terror of combat, torture, or repeated abuse in

25  childhood, or a one-time experience like being trapped in a hurricane

26  or nearly dying in an auto accident, all uncontrollable stress can

27  have the same biological impact.     Emotional  Intelligence,

28  Daniel Goldman at pages 203 and 204.

1   In this supplemental report, Dr. Maloney relates the information
2  he gleaned about MONTEZ DAY from his uncle, Arthur Day, who has  a
3  master's degree in psychology and also works as a counselor.  Arthur
4  Day reiterated for Dr. Maloney the abusive and frightful life  of
5  MONTEZ DAY as a child.  Dr. Maloney concludes, "It dose seem quite
6  clear that Montez Day suffered extreme psychological trauma at the
7  time of his mother's death."  Dr. Maloney reports that at 6 or 7 years
8  of age MONTEZ DAY was at "an extremely vulnerable time"  when  he
9  witnessed his mother's death at his father's hands and that his father
10  was  "a very problematic role model."  Dr. Maloney concludes that the
11  extremely traumatic events during (Montez Day's) childhood years
12  contributed to his having serious difficulty in terms of being able
13  to maintain a well-adjusted, stable and law-abiding life."  Again,
14  Dr. Maloney stresses the importance of MONTEZ DAY receiving counseling.

15   In United States v. Brown, 985 F.2d 478 (9th Cir. 1993) the court
16  was allowed to consider as a basis for a downward departure the severe
17  childhood abuse and neglect of a defendant where a psychologist's
18  report concluded that childhood trauma was  the primary  cause  of
19  defendant's  criminal behavior.  In the instant  case Dr.  Maloney
20  concluded that it would  be difficult  to argue  that  MONTEZ  DAY'S
21  traumatic childhood had  "no  impact"  on his ability to abide by
22  the structures of society.

23   For the foregoing reasons, a downward departure for  MONTEZ DAY'S
24  abusive and traumatic childhood experience is more than warranted.
25  The Defendant ask that the Court re-consider this Plea for a Down-
26  ward departure and re-sentence MONTEZ DAY to a substantial lower
27  sentence.

28

10

## CONCLUSION

For the above reasons and facts the Defendant, MONTEZ DAY respectfully asks the court to reverse defendant Guilty Plea, to Count 3 and set a date for trail, so that the defendant can have a fare trail as our Constitution allows.  The Defendant also request that the Court reverse his Sentence in regards to Count 2 and Determine for the purpose of Justice that the Defendants prior Offense dose not fit the purpose of § 4B1.1 Career Offender.

Lastly MONTEZ DAY, the defendant Pleas to the Court to grant a downward departure, for the Extraordinary Trauma suffered by the Defendant, MONTEZ as a child.

I declare under penalty that the foregoing is true and correct. Executed on October 23, 2000

Respectfully submitted,

MONTEZ DAY
REGISTER/# 12291-076
UNITED STATES PRISON, LOMPOC
3901 KLEIN BLVD.
LOMPOC, CALIFORNIA  93436

11

# CERTIFICATE OF SERVICE

I, MONTEZ DAY hereby certify that I have served a true and correct copy of the following; Motion to Vacate, Set aside or correct Sentence by a Person in Federal Custody 28 U.S.C.§2255.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court and parties to litigation, by placing same in a sealed, postage prepaid envelope Addressed to; United States Court House, United States District Judge, 312 N. Spring Street, Los Angeles, California  90012, and deposited same in the United States Postal Mail at the United States Penitentiary, Lompoc, California, on this 24 day of October, 2000.

Montez Day
Register # 12291-076
United States Penitentiary
3901 Klein Blvd.
Lompoc, California 93436