JUDGMENT
==========================================================================

**JUDGE'S COPY**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

----------------

NO. 99-50703
CT/AG#: CR-99-00123-AHM-1

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

BRUCE E. BELL

    Defendant - Appellant



----------------------

APPEAL FROM the United States District Court for the Central District of California, Los Angeles.

THIS CAUSE came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

ON CONSIDERATION WHEREOF, It is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is AFFIRMED.

Filed and entered  March 1, 2001



**FILED**

NOT FOR PUBLICATION

MAR 01 2001

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 99-50703 |
|---|---|
| Plaintiff-Appellee, | D.C. No. CR-99-00123-AHM-1 |
| v. | |
| BRUCE E. BELL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted January 11, 2001
Pasadena, California

Before: TROTT, THOMAS, and BERZON, Circuit Judges.

Defendant Bruce Bell appeals his 319-month sentence imposed by the District Court of the Central District of California following his guilty plea to armed robbery. Bell's sentence reflected the district court's conclusion that because Bell had received two prior felony convictions within the last fifteen years, he qualified

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

as a career offender under the United States Sentencing Guidelines ("USSG"). Bell contests his sentence on the ground that his status as a career offender was predicated upon the district court's erroneous consideration of a prior felony conviction that Bell alleges was more than fifteen years old. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court.

## DISCUSSION

Because the parties are familiar with the facts, we need not repeat them here. We review de novo the district court's interpretation of the Sentencing Guidelines and its determination that Bell was a career offender. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir. 1993).

Pursuant to USSG § 4B1.1, a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) <u>the defendant has at least two prior felony convictions</u> of either a crime of violence or a controlled substance offense.

USSG 4B1.1 (emphasis added).

For a sentence to qualify as a "prior felony conviction" for purposes of USSG 4B1.1, it must fall within the applicable time period set forth in USSG § 4A1.2(e)(1), which provides:

2

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, <u>that resulted in the defendant being incarcerated during any part of such fifteen-year period</u>.

USSG § 4A1.2(e)(1) (emphasis added).

Bell committed the instant offense on January 29, 1999. Thus, for any of Bell's prior sentences to fall within the fifteen-year period prescribed by § 4A1.2(e)(1) — and thereby qualify as a "prior felony conviction" for purposes of § 4B1.1 — it must have resulted in Bell's confinement beyond January 29, 1984. Both parties agree that Bell's 1981 sentence for bank robbery satisfies the requirements of § 4A1.2(e)(1) because Bell was clearly incarcerated for that offense after January 29, 1984. Bell and the government disagree, however, as to whether Bell was incarcerated for his 1976 conviction after January 29, 1984, thus calling into question whether Bell had <u>two</u> prior felony convictions as required by § 4B1.1.

Bell's sentence for the 1976 bank robbery was originally scheduled to terminate on October 28, 1985. That sentence, however, was disrupted by Bell's escape on March 13, 1981, and his subsequent robbery of yet another bank nearly one month later. Bell was convicted for the 1981 escape and bank robbery, and received a sentence that was aggregated by the Bureau of Prisons with the

3

remaining time on his 1976 sentence. Bell argues that had the Bureau of Prisons allowed his 1976 sentence to run concurrently with his 1981 sentences, as allegedly instructed by the district court, his 1976 sentence would have expired before January 29, 1984. Bell bases this conclusion on two mistaken assumptions: (1) he was entitled to be released 180 days prior to the termination of his ten-year sentence pursuant to 28 C.F.R. § 2.35, and (2) he had accumulated over 1100 days of "good-time" credits during his incarceration, which would have permitted him to be released from his 1976 sentence long before January 29, 1984.

Bell's first contention — that 28 C.F.R. § 2.35 required that he be released 180 days prior to the expiration of his 1976 sentence — is simply wrong. Section 2.35 states that a prisoner shall be mandatorily released at the end of his sentence less any good-time deductions he may have earned. 28 C.F.R. § 2.35. Moreover, § 2.35 provides that if a prisoner is released early for good-time deductions, "such prisoner shall be released, as if on parole, under supervision until the expiration of the maximum term or terms for which he was sentenced less 180 days." Id. Therefore, the "180 day" provision of § 2.35 serves only to shorten the supervised release terms of those prisoners who have been conditionally released from custody "as if on parole." Because Bell was never released pursuant to 18 U.S.C. § 4164, he was not entitled to have his term truncated by 180 days.

4

Bell's second argument — that he was eligible for over 1100 days of good-time deductions that would have allowed him to be released from his 1976 sentence before January 29, 1984 — is equally unpersuasive. Both Bell and the government engage in considerable speculation as to whether Bell's 1981 escape and bank robbery resulted in his forfeiture of any good-time credits he may have earned during his 1976 sentence. We need not rely on such conjecture, however, because we know for certain that Bell served all ten years of his 1976 conviction without receiving any good-time deductions.

The statutory provision governing the discharge of prisoners at the time Bell was serving his 1976 sentence provided that if a prisoner is released prior the expiration of his sentence because of good-time deductions, "[a] certificate of such deduction shall be entered on the commitment by the warden or keeper." 18 U.S.C. § 4163. Because no such certificate exists in this case, we can be certain that Bell was not granted any good-time deductions on his 1976 sentence. The absence of any good-time deductions, in turn, proves that Bell served his entire sentence for his 1976 conviction, which extended well beyond January 29, 1984.[1] Accordingly,

---

[1] The record does not reflect whether prison officials ever determined that Bell had earned good-time credits or whether Bell was given a hearing at which any good-time deductions he may have earned on his 1976 sentence were revoked. Had Bell actually earned good-time deductions and then had those deductions revoked

5

Bell's 1976 bank robbery was properly considered by the district court as a predicate offense in classifying Bell as a career offender.

**AFFIRMED**



---

without a hearing, there may be a question as to whether Bell was deprived of procedural due process. However, dicta in *Seawell v. Rauch*, 536 F.2d 1283, 1284 (9th Cir. 1976), suggests that Bell's admission to escaping while serving his 1976 sentence eliminates the need to hold such a hearing. *See Seawell*, 536 F.2d at 1284 ("In the circumstances here of an admitted escape, there does not appear to be any particular reason for granting a hearing since, under and pursuant to 18 U.S.C. § 4165, all or part of appellant's good time could be forfeited."). In any event, Bell fails to raise this claim on appeal.

6

INTERNAL USE ONLY: Proceedings include all events.
99-50703 USA v. Bell

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Nancy B. Spiegel, AUSA<br>213/ 894-0500<br>[COR LD NTC aus]<br>USLA - OFFICE OF THE U.S. ATTORNEY<br>Criminal Division<br>312 North Spring Street<br>Los Angeles, CA 90012<br><br>Andrew G. Brown<br>213-894-4896<br>[COR LD NTC aus]<br>1200 U.S. Courthouse<br>312 N.Spring Street<br>Los Angeles, CA 90012 |
| v. | |
| BRUCE E. BELL<br>    Defendant - Appellant | Phillip A. Trevino, Esq.<br>FAX 978/383-7775<br>(213)387-7337<br>Suite 750<br>[COR LD NTC cja]<br>8383 Wilshire Blvd.<br>Beverly Hills, CA 90211 |