duplicate
FILED
CLERK, U.S. DISTRICT COURT
NOV 29 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MONTEZ DAY,<br><br>    Defendant. | CASE NO. CV 00-11896 AHM<br>(No. CR 99-123 AHM)<br><br>ORDER DENYING SECTION 2255 PETITION |

Introduction

Defendant raised three separate grounds in his initial motion to vacate, set aside or correct his sentence. First, he contended that his attorney was ineffective in that he allegedly misadvised defendant as to the statutory maximum sentence available under Title 18, United States Code, Section 924(c), and pressured defendant into pleading guilty. Second, defendant contended that his status as a career offender overstated the seriousness of his prior criminal history. And third, defendant argued that he should have received a downward departure for the purportedly extraordinary abuse he suffered as a child.

In his reply to the Government's opposition, defendant appears to add the argument that his trial counsel was ineffective because he did not file a notice of

appeal. As will be shown, none of these contentions justifies the relief defendant seeks.

1. Statutory Maximum Sentence

The Government is correct that the information that defendant's counsel gave him about the statutory maximum for a violation of 18 U.S.C. § 924(c) (Count 3) is, and was, life imprisonment. *United States v. Pounds*, 230 F.3d 1317, 1319 (11th Cir. 2000).

2. Criminal History Calculation

The gist of defendant's arguments were proffered before the sentence was imposed. The Court was aware of these arguments and in calculating the proper criminal history, the Court exercised its discretion appropriately.

3. Downward Departure Based on Childhood Abuse

The gist of defendant's arguments were proffered before the sentence was imposed. The Court was aware of these arguments and in declining to adopt them, the Court exercised its discretion appropriately.

4. Notice of Appeal

The transcript reflects that defendant himself was advised of his right of appeal. (Ex. C., p. 94, to Government's Opposition.) Indeed, defendant acknowledges that he himself "signed the paper" (evidently, a waiver of his right to appeal). Reply Memo, page 5. Because this Court has addressed the merits of defendant's second and third claims, and has not adopted the Government's position that those claims are barred procedurally because no appeal was taken, the alleged failure of trial counsel to file an appeal is moot and harmless.

Defendant's trial counsel is known to be one of the most experienced, conscientious, diligent and effective criminal defense attorneys in this District. His representation of defendant was consistent with that reputation. Even on a prima facie basis defendant's contentions fail to meet the exacting standards of

*Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984) for demonstrating ineffective assistance of counsel. No hearing is warranted.

IT IS SO ORDERED.

DATE: 11/29/2001

A. Howard Matz
United States District Judge

3