```
MONTEZ DAY
REGISTER #12291-076
UNITED STATES PENITENTIARY, LOMPOC
3901 KLEIN BOULEVARD, J-UNIT
LOMPOC, CALIFORNIA 93436
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>     v. <br> MONTEZ DAY, <br>     Petitioner, | No. CV 00-11896-AHM <br> (No. CR 99-123-AHM) <br><br> **MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 60 (b)** |

The Petitioner comes before this Court Pro se, and moves this Honorable Court for Relief from judgment/order of November 30, 2001, and request Reconsideration of 28 U.S.C. §2255 issues Pursuant to Federal Rules of Civil Procedure, Rule 60 (b).

//
//
//
//
//
//
//
//
//

**DENIED BY ORDER OF** [signature] **UNITED STATES DISTRICT JUDGE** ON 12/7/01

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## FACTUAL BACKGROUND

In 1999, Petitioner, MONTEZ DAY was indicted for robbing "HOME SAVINGS OF AMERICA"... On May 14, 1999, Petitioner pled guilty to all counts surrounding the alleged bank robbery and was sentence to 24 years. On November 30, 2001 this Court denied Petitioner's Section 2255 Motion.

Pending before this Court is Petitioner's MOTION FOR RECONSIDERATION pursuant to Federal Rules of Civil Procedure 60(b).

A motion for reconsideration under Federal Rules of Civil Procedure 60(b) must based on one of three grounds: 1) Intervening change of controlling law; 2) New evidence not previously available; or 3) A need to correct a clear error of law or to prevent manifest injustice. See **ATKINS v. MARATHON LETOURNEAN CO.**, 130 F.R.D. 625, 626 (S.D.Miss. 1990)(citing **NATURAL RESOURCES DEFENSE COUNCIL v. UNITED STATES ENVTL. PROTECTION AGENCY**, 705 F.Supp. 698, 702 (D.D.C.). The decision whether to grant or deny the motion is entrusted to the sound discretion of the district court. See **RODGERS v. WATT**, 722 F.2d 456, 460 (9th Cir. 1983)(en banc).

The issue in this motion for reconsideration under 60(b) is appropriate based on "A need to correct a clear error of law (and/or) to prevent manifest injustice, and Newly discovered evidence.

II

## LEGAL ARGUMENTS

Petitioner was convicted of three (3) counts surrounding a Robbery of **"Home Savings Of America"**. The crime of Bank Robbery has as an essential element a proper showing of Federal Deposit Insurance Corporation insurance. See <u>UNITED STATES vs. SCHULTZ</u>, 17 F.3d 723 (5th Cir.1994) (stating proof of Federal Deposit Insurance Corporation insurance is not only an essential element of the crime, but it is also essential for the establishment of Federal Jurisdiction). **See also 18 U.S.C. §2113(a) and (f)** "(a) whoever, by force and violence, or by intimidation takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to or in the care, custody, control, management, or possession of any Bank, Credit Union, or any Savings and Loan Association;"

"(f) as used in this section the term "Bank" means **any member Bank of the Federal Reserve System,** and any Bank, Banking association, Trust company, Savings Bank, or other Banking institution organized or **operating** under the laws of the United States including a Branch or agency of a Foreign Bank (as such terms are defined in paragraphs (1) and (3) of section (b) of the International Banking Act of 1978), and **any institution the deposit of which are insured by the Federal Deposit Insurance Corporation."**

It could be inferred from the language of subsection (f) that the institution referred to in 18 U.S.C. §2113(a). That the requisite element to establish the crime of Bank Robbery would be

3

1  the institution be a **member** of the Federal Reserve System and
2  insured by Federal Deposit Insurance Corporation.
3       The instant case at hand is void of both these requirements
4  to support Petitioners conviction. It can be glean from the
5  attached **Exhibits** that the government **has not and cannot prove the**
6  **jur**isdictional **element** required to sustain this conviction.
7       Petitioner was indicted for crimes committed against a
8  **non-operating** institution with **inactive** or **no insurance**. See
9  **Exh**ibit **"A"** which is a Federal Deposit Insurance Corporation
10 Confirmation and Report, showing that **"Home Savings Of America"**,
11 became inactive as of October 03, 1998. This document shows that
12 Petitioner's conviction was obtained without jurisdiction and based
13 on a fatally defective indictment.
14      Petitioner's Indictment alleges that on or about January 26,
15 1999, Petitioner by force, violence, and intimidation, knowingly
16 took from **"Home Savings Of America"**, 301 South Maclay Street, San
17 Fernando California, a Savings and Loan association **the deposits**
18 **of which were then insured by Federal Deposit Insurance**
19 **Corporation.**
20      In UNITED STATES vs.FITZGERALD, 882 F.2d 397,399(9th Cir.1989)
21 The court stated: according Fed. R. Crim. P.7, an indictment must
22 be a plain, concise, definite written statement of the **essential**
23 **facts** constituting offense charged. Fed. R. Crim. P.7(c)(1) "the
24 instrument must set forth the elements of the offense charged and
25 contain a statement of the facts and circumstances that will inform
26 the accused of the elements of the specific offense." UNITED STATES
27 vs. MARTIN, 783, F.2d 1449, 1452(9th Cir. 1986)
28      In the instant case the indictment alleges a crime that could

4

not possibly been committed. Petitioner was charged with robbing a financial institution, which on the date of alleged, was closed or inactive on that date. **See Exhibit "A"**.

During Petitioner's Plea colloquy or change of plea hearing, the government had Petitioner agree that the institution allegedly robbed was a federally insured institution (FDIC). **Exhibit "B"**, which is a Declaration by a FDIC Attorney, dated February 21, 2001, indicates that the Bank known as **"Home Savings Of America"** was acquired by another bank "Washinton Mutual Bank" on October 03, 1998, months prior to the date of the alleged robbery.

This communication, stipulation or agreement is in valid under the circumstances. First, it was done unitelligently, due to lack of advise from counsel. Second, it violates Fed. R. Crim. P. Rule 11(f), which provides "notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

This requires finding sufficient evidence to conclude that the conduct admitted by the defendant constitutes the offense charged. UNITED STATES vs. BAKER, 618 F.2d 589, 592(9th Cir.1982) the purpose of the rule is to protect a defendant who pleads with an understanding of the charges, but "without realizing that his conduct does not actually fall within the definition of the crime charged" UNITED STATES vs. ANGELES-MASCOTES, 206 F.3d 529(5th Cir.2000).

Under Fed. R. Crim. P.11, before a plea may be accepted, the district court must "address the defendant personally in open court and inform the defendant of, and determine that the defendant

understand ,... the nature of the charge to which the plea is offered..." Fed. R. Crim. P.11(c)(1) **"omitting to tell the defendant of an essential element of the offense entails a complete failure to inform the defendant of the nature of the offense to which he pleads"**, in violation of Rule 11(c)(1). <u>UNITED STATES vs. GREEN</u>, 882 F.2d 999, 1005(5th Cir.1989)(citation omitted); see also <u>UNITED STATES vs. SMITH</u>, 184 F.3d 415, 417(5th Cir. 1999)(reiterating rule). Likewise, the constitution also requires that "the Defendant receive []"real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process," <u>HENDERSON vs. MORGAN</u>, 426 U.S. 637, 645 (1976), quoting <u>SMITH vs. O'GRADY</u>, 312 U.S. 329. 334 (1941) A notice that requires a description of the essential elements of the plea offense, at least where the elements are "critical". <u>see id.</u> at 647 N.18.

In viewing the record neither the government nor the court ever informed Petitioner that the government was required to prove jurisdiction (FDIC) if the case were to go to trial, which clearly violates Fed. R. Crim. P. 11 <u>see also UNITED STATES vs. SCHULTZ</u>, 17 F.3d 723 (5th Cir. 1994).

<u>SWEETON vs. BROWN</u>, 27 F.3d 1162, 1169(6th Cir. 1994) (citing <u>UNITED STATES vs. SIVIGLA</u>, 689, F.2d 832, 835(10th Cir.1981), cert. denied, 461 U.S. 918, 103 s.ct. 1902, 77 L.ed. 2d. 289(1983) stating "lack of jurisdiction cannot be wavied and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation... **A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings** in which it becomes apparent that jurisdiction is lacking."

6

There is nothing directly to support the inference of Federal Deposit Insurance Corporation, insurance on the date of the alleged offense. <u>UNITED STATES vs. ALI</u>, 2001 DJDAR 10641 (9th Cir. 2001) "twenty years ago, the fifth circuit forcefully put the government on notice that "[d]espite the fact that FDIC insurance status is an express requirement of the applicable statues, **an essential part of a valid indictment,** and an indispensable item of proof of an offense, prosecutors have been extremely lax in the treatment accorded this element"..."Today we reiterate that sentiment. **Proof of Federal Insurance is not merely an element of the offenses for which <u>Ali</u> was convicted: it is essential to establish federal jurisdiction."**

In the instant case the charging document is fatally flawed, the allegations contained therein allege an offense that could not possibly have occurred. The attached Exhibits clearly show and state that after October 03, 1998, the institution known as **"Home Savings Of America" was not Federal Deposit Insurance Corporation, insured, in fact it did not exist.**
Petitioner's conviction is void.


## CONCLUSION


Based on the foregoing reasons, Petitioner, Montez Day prays that this Court, to correct a manifest injustice, vacate Petitioner's sentence and order dismissal of Petitioner's indictment for lack of jurisdiction as a matter of law.

Dated December 6, 2001

Respectfully submitted,

Montez Day

7

# EXHIBIT "A"

# Home Savings of America, FSB
4900 Rivergrade Road
Irwindale, CA 91706
FDIC Certificate # 15919  Bank Charter Class: SA
Primary Federal Regulator: OTS
Primary Internet Web Address: Web site not available
Demographic Information As Of: February 6, 2001

**This is an inactive institution.**

| | |
|---|---|
| Inactive as of: | October 3, 1998 |
| Closing history: | Merged without Assistance into |
| Acquiring institution: | Washington Mutual Bank, FA - (32633) |

**Report Selection:**               **Report Date:**

Assets and Liabilities - $ Amount       September 30, 1998

Last Updated: 2/16/2001                 Research@fdic.gov

Sitemap | Search | Help | Home

# EXHIBIT "B"

**FDIC**

**Federal Deposit Insurance Corporation**
550 17th Street NW, Washington, DC 20429                          Office of Executive Secretary

Mr. Montez Day
#12291-076 "J" Unit
United States Penitentiary
3901 Klein Boulevard
Lompoc, California 93436

FEB 2 1 2001

<u>FDIC Log # 01-0058</u>

Dear Mr. Day:

This will respond to your letter dated January 16, 2001, pursuant to the provisions of the Freedom of Information Act ("FOIA," 5 U.S.C. § 552), for information with regard to Home Savings of America, 301 South Maclay, San Fernando, California 91340. You specifically ask the following questions: (1) Is this bank a member of the Federal Reserve System? If so, list date when it became a member and send a copy of the certificate. (2) Is this bank chartered in the state of California? (3) Is this bank a member of the Federal Deposit Insurance Corporation? If so, list date and send a copy of the FDIC certificate. (4) Is this bank a national bank branch? Please send status of this bank.

The FOIA does not require an agency to answer questions, but rather to provide copies of releaseable documents in response to requests for the same. In an attempt to assist you, however, in this one instance, we will address the questions you pose as well as the document requests.

FDIC records show that Home Savings of America, FSB, Irwindale, California, with the branch you list located at 301 South Maclay Avenue, San Fernando, California, became insured by the FDIC on January 1, 1934. It is a savings association (and not a national bank) which was insured by the FDIC, but was supervised and regulated by the Office of Thrift Supervision ("OTS.") The OTS should be consulted with regard to your questions on the chartering of this bank, at the following address:

Office of Thrift Supervision
Ms. Mary Ann Reinhart
Senior Program Specialist/FOIA
1700 G Street, N.W.
Washington, D. C. 20552

I note that on October 3, 1998, Home Savings of America, FSB merged, without assistance, into Washington Mutual Bank, FA, Stockton, California, which is presently an open and operating FDIC-insured savings association. Enclosed please find several printouts with regard to these banks.

With regard to whether or not Home Savings of America, FSB was a member of the Federal Reserve System, you should write directly to the Board of Governors of the Federal Reserve System at the following address:

-2-

Board of Governors of the Federal Reserve System
Ms. Martha Connor
FOIA Office
20th & C Streets, N.W., Room MP500
Washington, D. C. 20551

Upon admission to the FDIC, as a courtesy only, Home Savings of America, FSB was issued an FDIC certificate of insurance. This certificate is not an official record of the FDIC required to be kept by law or regulation, and copies are not retained. Therefore, there is no certificate of insurance to provide for your request.

Federal deposit insurance covers depositors against losses incurred through the insolvency of an institution. It **does not** cover an institution for losses incurred as a result of theft or robbery. Any such claim, therefore, would not be reimbursed by the FDIC. Such insurance is obtained under a bond or through a private insurance carrier chosen by each bank. You may request that an institution provide you with the name of its bondholder or carrier, but they are not required to do so nor are they required to supply the FDIC with that information. Enclosed please find a copy of "Your Insured Deposit," which will provide you with other helpful information on FDIC insurance.

This concludes the processing of your request. Our FOIA regulations at 309(f)(iii) state that as an individual requester, you are entitled to 2 free hours of search and 100 free pages of duplication in making your request (copy enclosed). In processing your request, we have expended the 2 free hours of professional search time to which you are entitled. Our FOIA regulations further state that multiple requests seeking similar or related records from the same requester or group of requesters will be aggregated for the purpose of [fees]. Therefore, any future requests which you may choose to make on the subject of the insurance status of this institution will be subject to the assessment of fees, and should include your agreement to pay such fees, whether or not any information is found or if found, is released. For your reference, enclosed please find a copy of our fee schedule.

As there is no copy of the FDIC insurance certificate to provide for your request, you may choose to treat our response as a partial denial of your request and appeal to the FDIC's General Counsel within 30 business days following receipt of this letter. Should you decide to appeal, please submit your appeal in writing to the Office of the Executive Secretary. Please refer to the FDIC log number and include any additional information that you would like the General Counsel to consider.

Sincerely,

Fredrick L. Fisch
Senior Attorney

Enclosures

# CERTIFICATE OF SERVICE

I, __MONTEZ DAY__ hereby certify that I have served a true and correct copy of the following:

> MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 60 (b).

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

> ASSISTANT UNITED STATES ATTORNEY
> ANDREW BROWN, ATTORNEY
> 312 NORTH SPRING STREET
> LOS ANGELES, CALIFORNIA 90012

and deposited same in the United States Postal Mail at the United States Penitentiary, Lompoc, California, on this: __06__ day of: __December__, __2001__.

*/s/ Montez Day*

Montez Day #12291-076
3901 Klein Boulevard
Lompoc, California 93436