1  MONTEZ DAY
   REGISTER #12291-076
2  UNITED STATES PENITENTIARY, LOMPOC
   3901 KLEIN BOULEVARD, J-UNIT
3  LOMPOC, CALIFORNIA 93436

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>MONTEZ DAY,<br>  Petitioner, | No. CV 00-11896-AHM<br>(No. CR 99-123-AHM)<br><br>**MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 60 (b)** |

The Petitioner comes before this Court Pro se, and moves this Honorable Court for Relief from judgment/order of November 30, 2001, and request Reconsideration of 28 U.S.C. §2255 issues Pursuant to Federal Rules of Civil Procedure, Rule 60 (b).

//
//
//
//
//
//
//
//
//

DENIED BY ORDER OF UNITED STATES DISTRICT JUDGE ON 12/12/01

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I**

**FACTUAL BACKGROUND**

In 1999, Petitioner, MONTEZ DAY was indicted for robbing "HOME SAVINGS OF AMERICA"... On May 14, 1999, Petitioner pled guilty to all counts surrounding the alleged bank robbery and was sentence to 24 years. On November 30, 2001 this Court denied Petitioner's Section 2255 Motion.

Pending before this Court is Petitioner's MOTION FOR RECONSIDERATION pursuant to Federal Rules of Civil Procedure 60 (b).

A motion for reconsideration under Federal Rules of Civil Procedure 60 (b) must based on one of three grounds: 1) Intervening change of controlling law; 2) New evidence not previously available; or 3) A need to correct a clear error of law or to prevent manifest injustice. See **ATKINS v. MARATHON LETOURNEAN CO.**, 130 F.R.D. 625, 626 (S.D.Miss. 1990)(citing **NATURAL RESOURCES DEFENSE COUNCIL v. UNITED STATES ENVTL. PROTECTION AGENCY**, 705 F.Supp. 698, 702 (D.D.C.). The decision whether to grant or deny the motion is entrusted to the sound discretion of the district court. See **RODGERS v. WATT**, 722 F.2d 456, 460 (9th Cir. 1983)(en banc).

The issue in this motion for reconsideration under 60 (b) is appropriate based on "A need to correct a clear error of law (and/or) to prevent manifest injustice, and Newly discovered evidence.

II

## LEGAL ARGUMENTS

Petitioner was convicted of three (3) counts surrounding a Robbery of "**Home Savings Of America**". The crime of Bank Robbery has as an essential element a proper showing of Federal Deposit Insurance Corporation insurance. See <u>UNITED STATES vs. SCHULTZ</u>, 17 F.3d 723 (5th Cir. 1994) (stating proof of Federal Deposit Insurance Corporation insurance is not only an essential element of the crime, but it is also essential for the establishment of Federal Jurisdiction). **See also 18 U.S.C. §2113(a) and (f)** "(a) whoever, by force and violence, or by intimidation takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to or in the care, custody, control, management, or possession of any Bank, Credit Union, or any Savings and Loan Association;"

"(f) as used in this section the term "Bank" means **any member Bank of the Federal Reserve System,** and any Bank, Banking association, Trust company, Savings Bank, or other Banking institution organized or **operating** under the laws of the United States including a Branch or agency of a Foreign Bank (as such terms are defined in paragraphs (1) and (3) of section (b) of the International Banking Act of 1978), and **any institution the deposit of which are insured by the Federal Deposit Insurance Corporation.**"

It could be inferred from the language of subsection (f) that the institution referred to in 18 U.S.C. §2113(a). That the requisite element to establish the crime of Bank Robbery would be

3

the institution be a **member of the Federal Reserve System and insured by Federal Deposit Insurance Corporation.**

The instant case at hand is void of both these requirements to support Petitioners conviction. It can be glean from the attached **Exhibits** that the government **has not and cannot prove the jurisdictional element** required to sustain this conviction.

Petitioner was indicted for crimes committed against a **non-operating** institution with **inactive** or **no insurance.** See **Exhibit "A"** which is a Federal Deposit Insurance Corporation Confirmation and Report, showing that "Home Savings Of America", became inactive as of October 03, 1998. This document shows that Petitioner's conviction was obtained without jurisdiction and based on a fatally defective indictment.

Petitioner's Indictment alleges that on or about January 26, 1999, Petitioner by force, violence, and intimidation, knowingly took from "Home Savings Of America", 301 South Maclay Street, San Fernando California, a Savings and Loan association **the deposits of which were then insured by Federal Deposit Insurance Corporation.**

In UNITED STATES vs.FITZGERALD, 882 F.2d 397,399(9th Cir.1989) The court stated: according Fed. R. Crim. P.7, an indictment must be a plain, concise, definite written statement of the **essential facts** constituting offense charged. Fed. R. Crim. P.7(c)(1) "the instrument must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the elements of the specific offense." UNITED STATES vs. MARTIN, 783, F.2d 1449, 1452(9th Cir. 1986)

In the instant case the indictment alleges a crime that could

4

1  not possibly been committed. Petitioner was charged with robbing
2  a financial institution, which on the date of alleged, was closed
3  or inactive on that date. See **Exhibit "A"**.
4      During Petitioner's Plea colloquy or change of plea hearing,
5  the government had Petitioner agree that the institution allegedly
6  robbed was a federally insured institution (FDIC). **Exhibit "B"**,
7  which is a Declaration by a FDIC Attorney, dated February 21, 2001,
8  indicates that the Bank known as **"Home Savings Of America"** was
9  acquired by another bank "Washinton Mutual Bank" on October 03,
10 1998, months prior to the date of the alleged robbery.
11     This communication, stipulation or agreement is in valid under
12 the circumstances. First, it was done unitelligently, due to lack
13 of advise from counsel. Second, it violates Fed. R. Crim. P. Rule
14 11(f), which provides "notwithstanding the acceptance of a plea
15 of guilty, the court should not enter a judgment upon such plea
16 without making such inquiry as shall satisfy it that there is a
17 factual basis for the plea."
18     This requires finding sufficient evidence to conclude that the
19 conduct admitted by the defendant constitutes the offense charged.
20 <u>UNITED STATES vs. BAKER</u>, 618 F.2d 589, 592(9th Cir.1982) the
21 purpose of the rule is to protect a defendant who pleads with an
22 understanding of the charges, but "without realizing that his
23 conduct does not actually fall within the definition of the crime
24 charged" <u>UNITED STATES vs. ANGELES-MASCOTES</u>, 206 F.3d 529(5th
25 Cir.2000).
26     Under Fed. R. Crim. P.11, before a plea may be accepted, the
27 district court must "address the defendant personally in open court
28 and inform the defendant of, and determine that the defendant

understand ,... the nature of the charge to which the plea is offered..." Fed. R. Crim. P.11(c)(1) "omitting to tell the defendant of an essential element of the offense entails a complete failure to inform the defendant of the nature of the offense to which he pleads", in violation of Rule 11(c)(1). UNITED STATES vs. GREEN, 882 F.2d 999, 1005(5th Cir.1989)(citation omitted); see also UNITED STATES vs. SMITH, 184 F.3d 415, 417(5th Cir. 1999)(reiterating rule). Likewise, the constitution also requires that "the Defendant receive []"real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process," HENDERSON vs. MORGAN, 426 U.S. 637, 645 (1976), quoting SMITH vs. O'GRADY, 312 U.S. 329. 334 (1941) A notice that requires a description of the essential elements of the plea offense, at least where the elements are "critical". see id. at 647 N.18.

In viewing the record neither the government nor the court ever informed Petitioner that the government was required to prove jurisdiction (FDIC) if the case were to go to trial, which clearly violates Fed. R. Crim. P. 11 see also UNITED STATES vs. SCHULTZ, 17 F.3d 723 (5th Cir. 1994).

SWEETON vs. BROWN, 27 F.3d 1162, 1169(6th Cir. 1994) (citing UNITED STATES vs. SIVIGLA, 689, F.2d 832, 835(10th Cir.1981), cert. denied, 461 U.S. 918, 103 s.ct. 1902, 77 L.ed. 2d. 289(1983) stating "lack of jurisdiction cannot be wavied and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation... A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."

1  There is nothing directly to support the inference of Federal
2  Deposit Insurance Corporation, insurance on the date of the alleged
3  offense. UNITED STATES vs. ALI, 2001 DJDAR 10641 (9th Cir. 2001)
4  "twenty years ago, the fifth circuit forcefully put the government
5  on notice that "[d]espite the fact that FDIC insurance status is
6  an express requirement of the applicable statues, **an essential part**
7  **of a valid indictment,** and an indispensable item of proof of an
8  offense, prosecutors have been extremely lax in the treatment
9  accorded this element"..."Today we reiterate that sentiment. **Proof**
10 **of Federal Insurance is not merely an element of the offenses for**
11 **which Ali was convicted: it is essential to establish federal**
12 **jurisdiction."**

13 In the instant case the charging document is fatally flawed,
14 the allegations contained therein allege an offense that could
15 not possibly have occurred. The attached Exhibits clearly show and
16 state that after October 03, 1998, the institution known as "Home
17 Savings Of America" was not Federal Deposit Insurance Corporation,
18 insured, in fact it did not exist.
19 Petitioner's conviction is void.

## CONCLUSION

Based on the foregoing reasons, Petitioner, Montez Day prays that this Court, to correct a manifest injustice, vacate Petitioner's sentence and order dismissal of Petitioner's indictment for lack of jurisdiction as a matter of law.

Dated December 6, 2001

Respectfully submitted,

Montez Day

7