TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102
    Facsimile: (213) 894-6269
    E-mail:   andrew.brown@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>BRUCE BELL and<br>MONTEZ DAY,<br><br>        Defendants. | No. 2:99-cr-00123-AHM<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT MONTEZ DAY'S *EX PARTE* APPLICATION TO TERMINATE SUPERVISED RELEASE |
|---|---|

### A. THE COURT HAS DISCRETION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE

The Court may "terminate supervised release . . . at any time after the expiration of one year of supervised release," pursuant to Federal Rule of Criminal Procedure 32.1(c), "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The Court may deny defendant's ex parte application to terminate supervised release without holding a hearing, as such a ruling would not result in the modification of supervised release. But if the Court were

1

inclined to grant defendant's request, it would have to hold a hearing first.  Fed. R. Crim. Pro. 32.1(c)(1) ("Before modifying the conditions of probation or supervised release, the court must hold a hearing . . .")

### B.  DEFENDANT'S REHABILITATION IS COMMENDABLE, BUT DOES NOT WARRANT EARLY TERMINATION OF SUPERVISED RELEASE

Government counsel communicated with defendant's probation officer, Thomas Hardy, who corroborated the information defendant put in his motion and supported defendant's request for early termination of supervised release.  The government agrees that while on supervised release, defendant has behaved well, which is to his credit.  Nonetheless, the government opposes early termination of supervised release.

Defendant has a long history of violent behavior, and with firearms.  Defendant was last sentenced as a career offender for an armed takeover bank robbery involving handguns.  In fleeing from the police, defendant drove the getaway SUV at speeds of 70-90 mph through stop signs and red lights, including by an occupied school.  (PSR ¶ 16.)  After running a red light at 40 mph, defendant struck a minivan, causing it to strike a third vehicle, resulting in injuries to occupants of both, including a trip to the hospital.  (PSR ¶ 17.)  Defendant drove on the sidewalk before surrendering.  (PSR ¶ 23.)

Before that, defendant was convicted of carrying a loaded firearm (PSR ¶ 59), an earlier bank robbery in which the teller saw the butt of a handgun in defendant's waistband (PSR ¶ 71-73), and possession of cocaine with intent to distribute (PSR ¶ 64).  When the police executed the search warrant the resulted in defendant's cocaine trafficking conviction, they found three handguns.  One of

the officers was shot in the shoulder by a different occupant of the same residence. (PSR ¶ 66.) Later, defendant was arrested as a felon in possession when officers saw him retrieve a handgun from a hiding place, but he was not prosecuted for this offense. (PSR ¶ 84.)

Defendant is doing well now under the supervision of his probation officer. Supervision imposes a minimal burden on defendant, who must do little more than complete monthly reports indicating whether his employment or address has changed. Defendant has completed less than two years of his five-year term of supervision. It is to be hoped that he will continue to do well under supervision. But given defendant's lengthy history with firearms and violent crime, it would be unduly risky to terminate supervised release now. Indeed, defendant has previously been returned to prison for violating the terms of his federal supervised release. (PSR ¶ 69.) Accordingly, the Court should deny defendant's ex parte application for termination of supervised release without a hearing.

Dated: May 11, 2021                Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division

                                   /s/ Andrew Brown
                                   _____
                                   ANDREW BROWN
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I, Belinda B. Tunque, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18 years old, and I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S OPPOSITION TO DEFENDANT MONTEZ DAY'S *EX PARTE* APPLICATION TO TERMINATE SUPERVISED RELEASE** service was:

- ☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:
- ☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:
- ☐ By hand delivery, addressed as follows:
- ☐ By electronic mail delivery, as follows:

**Montez Day**
**1936 Fox Hill Dr.**
**Indianapolis, IN 46228**

This Certificate is executed on May 11, 2021, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct

*Belinda B. Tunque*